Dear Lt. Keran:
Your request for an opinion concerning the disbursement of monies generated by police fines has been forwarded to me for research and reply. Specifically, you have asked the following question:
 May a mayor or town council impound fines from tickets placed in a fund for law enforcement purposes under the discretion of the duly-elected chief of police?
The relevant statute regarding the appropriation of fees for law enforcement purposes to which you allude is La. R.S. 33:2334. It provides, in pertinent part:
 A fee of seven dollars shall be allowed for each appearance bond taken by a municipal chief of police . . . Upon acquittal, this fee is to be refunded to the defendant.
 The fee provided by this Section shall be payable to the general fund of the municipality and, subject to applicable law, in municipalities in which there is an elected chief of police, shall be appropriated . . . to the chief of police to be used for law enforcement purposes. (Emphasis added.)
While R.S. 33:2334 indeed directs that the municipality is required to appropriate collected fees to the chief of police for use in law enforcement purposes, this statute is expressly limited to appearance bonds. As presently written, this provision cannot be applied to fines levied from police tickets.
Louisiana law clearly defines an "appearance bond" in terms of a bail instrument. Under La. R.S. 15:88, an appearance bond "mean(s) every bail bond, recognizance or other obligation, or deposit of cash, checks, negotiable bonds, or money orders made or taken to secure the appearance of any person before any court." This statute reflects the notion that bail instruments, such as appearance bonds, function to compel an accused's presence in court. Extending the scope of R.S. 33:2351 to include police tickets would not further this legislative purpose.
Fines resulting from police tickets stand in stark contrast to bail instruments. While appearance bonds insure a defendant's presence for the adjudication of his case, fines represent the conclusion of that case. This inherent difference is reflected in R.S. 33:2334 itself, providing that "upon acquittal, this fee shall be refunded to the defendant." In order for a fine to be paid based on a police ticket, there is an implicit recognition of the finality of the prosecution, thereby negating any necessity for further secured appearance. Thus, it is evident that ticket fines and appearance bonds are wholly inconsistent and do not merit similar treatment under R.S.33:2334.
Therefore, because R.S. 33:2334 proves inapplicable to tickets issued by police, the disbursement of fines collected therefrom remains governed by the law's general provisions regarding the collection and disposition of fines in city court. The controlling statute in this regard is La. R.S. 13:1898, which directs the clerk of the city court or the marshal to collect all fines, forfeitures, and penalties, and (excluding costs) pay these funds into the city treasury. Under this provision, there is no specific designation for exclusive use of the funds for law enforcement purposes. Therefore, expenditure of fines levied from police tickets remain at the discretion of the local mayor or town council.
However, while there exists no specific provision under state law mandating disbursement of ticket fines to the chief of police for use in law enforcement, this does not preclude a local law from so providing. If the town of Campti has enacted an ordinance directing use of ticket monies for law enforcement purposes, local officials must comply accordingly. But in the absence of any local rule, state statutes do not compel such a disbursement.
Thus, it is the opinion of this office that a local government is not required under state law to release funds generated by ticket fines to the chief of police to use exclusively for law enforcement purposes.
If our office can be of further assistance, please do not hesitate to contact us. With kindest regards, I remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: _______________ Frederick Duhy Assistant Attorney General